```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
IRIS JIMENEZ,                                                    :
                                                                 :
                              Plaintiff,                         :
                                                                 :                24-cv-7385 (LJL)
              -v-                                                :
                                                                 :                   ORDER
GWB ACQUISITIONS LLC and THE GAP, INC.,                          :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Iris Jimenez ("Plaintiff") suffers from medical conditions that inhibit her walking and restrict her body range and movement. Dkt. No. 1 ¶ 7. She is a wheel-chair user. *Id.* She would like to visit a retail clothing store doing business as Gap Factory but has been deterred from doing so as a result of architectural barriers that she asserts make the second floor of the store inaccessible. *Id.* ¶¶ 39–45. As a result, she brought suit against the operator of the store, The Gap, Inc. ("The Gap"), and the lessor of the property on which the store is located, GWB Acquisitions, LLC ("GWB," and with The Gap, "Defendants"), under Title III of the Americans with Disabilities Act, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the New York State Civil Rights Law ("NYSCRL"). *Id.* ¶¶ 1. Plaintiff moves by letter motion to compel Defendants to respond to her requests for the production of documents that seek Defendants' tax returns and overall financial resources (Requests Nos. 13, 17, 18), and documents allegedly withheld regarding Defendants' affirmative defenses (Requests Nos. 9–12, 14–17, and 19–21). Dkt. No. 46. Defendants oppose the motion. Dkt. No. 48. The motion is denied.

Plaintiff contends that Requests Nos. 13, 17, and 18 seek relevant discovery because they go to Plaintiff's claim for punitive damages. Dkt. No. 46 at 1–2. Plaintiff seeks punitive damages under only the NYCHRL. Dkt. No. 1, Prayer for Relief ¶ E. Title III of the ADA does not provide for damages to private plaintiffs. *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir.), *opinion corrected*, 511 F.3d 238 (2d Cir. 2004). Likewise, the NYSCRL and NYSHRL do not provide for punitive damages in public accommodation cases. N.Y. Civ. Rights Law § 41; N.Y. Exec. Law § 297. Under the NYCHRL, punitive damages may be awarded only where "the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Robinson v. De Niro*, 2023 WL 7004926, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017)).

"Courts in this circuit are split on the issue of allowing pretrial disclosure of financial information relevant to a determination of punitive damages. Some permit it. Others have found that such disclosure is premature." *Wenning v. On-Site Manager, Inc.*, 2015 WL 5148753, at *4 (S.D.N.Y. Aug. 26, 2015) (quoting *Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010)). "Recognizing the highly confidential nature of financial data sought in connection with punitive damages claims, multiple courts in this Circuit have bifurcated discovery related to punitive damages and deferred it until later in the litigation." *Stidhum v. 161-10 Hillside Auto Ave, LLC*, 2022 WL 17852023, at *2 (E.D.N.Y. Dec. 22, 2022) (collecting cases). In addition, tax returns in particular "stand apart from other subjects of discovery due to 'the private nature of the sensitive information contained therein' as well as 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Freeman v. Giuliani*, 2025 WL 207628, at *2 (S.D.N.Y. Jan. 14, 2025) (quoting *Xiao Hong*

*Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (summary order)); *see also S.E.C. v. Rayat*, 2023 WL 1861498, at *4 (S.D.N.Y. Feb. 9, 2023) (noting that "'[t]he public policy supporting the courts' sensitive treatment of tax returns is' founded, in part, 'in provisions of the Internal Revenue Code declaring that federal tax returns are confidential communications between the taxpayer and the government'" (quoting 6 Moore's Federal Practice § 26.45[1][b] (3d ed. 2021))). "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns [are] relevant to the subject matter of the action, and (2) a compelling need . . . exist[s] because the information is not readily obtainable from a less intrusive source.'" *Lopez v. Guzman*, 2018 WL 11411132, at *3 (E.D.N.Y. Nov. 27, 2018) (quoting *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)).

Plaintiff has not shown that there exists any compelling need for the production of the requested financial information from Defendants at this point. The Gap is a public company and its SEC filings contain its financial information. Dkt. No. 48 at 2. Plaintiff's requests are "unreasonably cumulative or duplicative" and the requested information "can be obtained from [an]other source that is more convenient, less burdensome, [and] less expensive." Fed. R. Civ. P. 26 (b)(2)(C)(i). As to GWB, the landlord, Plaintiff may renew its motion if the claim for punitive damages survives a motion for summary judgment.

Plaintiff also requests documents responsive to Requests Nos. 9–12, 14–17, and 19–21 and/or a privilege log on the theory that the documents are relevant to Defendants' affirmative defenses. Dkt. No. 46 at 2. But Plaintiff has not shown that the requested information is other than duplicative of what is available in the public record or that its benefits exceed its likely burden or expense. Fed. R. Civ. P. 26(b)(1). The Gap's financial information is publicly available, and Defendants represent that The Gap, not GWB, will be financially responsible for

3

all modifications to the premises.  Dkt. No. 48 at 3.  Accordingly, whether a modification would present an undue burden to GWB is legally irrelevant.

The motion is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 46.

SO ORDERED.

Dated: October 27, 2025
      New York, New York

                                               LEWIS J. LIMAN
                                       United States District Judge